Mr. Shipman. Thank you, Your Honor. May it please the Court. The question before this Court is one of basic statutory interpretation. Section 330A.1 of the Defense Authorization Act of 1993 provides, in relevant portion, that the United States Department of Defense must hold harmless, defend, and indemnify, in full, transferees of BRAC property from any liability, costs, or fees arising out of any claim for personal injury or property damage that is predicated upon pollution resulting from DOD activities at the BRAC site. In the present case, the transferee of the BRAC property, Tuftson Legacy Community Partners, or also known as TLCP- The claims court said there had to be a third party claimant and it wasn't here. Is that right? I do believe the claims court found that the third party claimant here was not an appropriate third party claimant in the Court's view. You have an insurance company. Pardon me? Yes. The statute, section 330, talks about indemnifying the persons and entities described in paragraph 2. Do you fall within paragraph 2? Indeed, we do, Your Honor. We're an equitably subrogated- You're not a state. You're not a political subdivision. You haven't acquired ownership or control, and you're not a successor or transferee of any of these, are you? Indeed, under the general principles of subrogation, we are an appropriate party in this case. And as a matter of fact, the Court of Federal Claims addressed that issue in another case regarding section 330, and that was the American- The Court of Claims is split. Indeed, it is, Your Honor. But the only time that issue has come up, I think the Court of Claims correctly ruled that a subrogated insurer like ourselves is an appropriate party under section 330. Well, 2D is very specific. Successor, assignee, transferee, lender, or lessee. You'd think if they were talking about subrogates, they would have specified it. That's an interesting question, Your Honor, and indeed- All questions from the bench are interesting. An unexpected one as well. But I do believe that the reasoning and logic in the American case at the Court of Federal Claims is relevant here, and I think it's persuasive on that point. All right, so assuming that you are properly subrogated to the rights that are at issue here, do you agree that there has to be a third-party claim under the statute and simply argue that the state regulatory action could constitute that, or do you disagree that the existence of a third-party claim is necessary? Your Honor, we agree that the statute contemplates the involvement of a third party in that claim, and so our disagreement with the finding of the trial court is that, in this particular instance, that the Water Board was not an appropriate third party. We do believe that it is an appropriate third party in that they did indeed file a claim, or assert a claim, I should say, for personal injury and or property damage. So your position is that to the extent a claim is necessary, it doesn't have to be in the form of a lawsuit, for instance? Indeed, and I don't think the plain language of the statute supports that. The plain language of the statute says any claim for personal injury or property damage. What could the Water Board have done by way of enforcement activity? Well, they have a number of options available to them. The letter they sent is the first step in a process that they can follow through with. They note the various options that are available to them by referencing the statutory sections under which they have those powers. They could have filed a civil action seeking injunctive relief to require TLCP to clean up the property. They could have instituted administrative actions to seek money damages against TLCP for failing to comply with their request. They could have also done that through a civil action as well. And I think the final option available to them is to actually initiate the cleanup themselves and then seek reimbursement from TLCP through a civil action. So there were a number of options available for that. So do you think your case would be stronger if there had just been a resistance to the demand for a cleanup and TLCP just sat back until it got penalties and fees? Well, I don't think it makes the case any stronger. I think the language in the statute is quite clear. It says any claim for personal injury or property damage. You'll note that the proceeding language in the statute where it talks about different ways that that may manifest itself includes a listing of items like suits, demands, actions, liabilities. But those are disjunctive and it's just a listing of the potential ways that a claim may subsequently manifest itself. All you really need is a claim. And I think here the letter was clearly a claim. So your perception is that if in fact they had acted directly rather than calling upon their insurance that this issue wouldn't have arisen? I'm not sure I understand Your Honor's question. TLCP did act directly and in the process of doing so called upon their insurance as well to fund the process? Directly under the statute for compensation for the contamination? I think whether TLCP asserted the claim directly under the statute or whether Indian Harbor did so after they were segregated those rights, I don't think it makes any difference in terms of the operation of the statute. Well, it's a big difference. TLCP was the owner, right? So it fits right into the statute. Indeed it does, Your Honor. So after its insurance company, they may have lost out? It wouldn't have raised the issue of segregation. And that was really my question, is that this is the line that's being drawn? I'm sorry, I'm not sure I understand your question. As I've indicated previously, I think through equitable principles of segregation it's quite clear that Indian Harbor is the proper party to be asserting a Section 330 claim. I don't think that was an issue that was raised. The government doesn't argue otherwise, does it? No, it does not. Well, who's the third party? The third party is the state of California, Your Honor, through the water board in this particular instance. And what they did is sent a letter. That was a regulatory action. They didn't take ownership, did they? No, but as noted in our briefs, the state of California under California law is deemed to have an ownership interest in groundwater, which was the property of particular focus in the letter from the water board. Obviously the water board has responsibility for protecting the water in California. And the California courts are quite clear that there's an ownership interest that the state has. And so therefore, in that sense, they clearly were the owner of that property and had a right and every obligation to go ahead and seek to enforce the requirements of the environmental statute. Do we even have to go that far? I mean, the court of claims did say that there was this requirement that the third party, that it be their own property. Is it an issue? Does the statute actually say that? Your Honor, the statute doesn't say that. And I think in the first instance, you look at the plain language of the statute, and I don't see any reasonable interpretation of that language, which would impose that restriction or that requirement. Moreover, what I think that does is I think it does violence the remedial purpose doctrine, which would indicate in a particular case like this, that the court should provide some deference and interpret that statute broadly to effectuate the remedial purpose. And by imposing that limitation, that there be some kind of ownership of the property by the party making the claim, I don't think it's supported by the statute. How can you say that when every provision of two refers to ownership and control? In defining the person's entitled to indemnification? Your Honor, those deal with the person who's submitting the Section 330 claim, whereas the claim language that's in Section A1 deals with that third party claim. So I don't think there's a property interest that can be inferred into Section A1 from what's in 2 when it defines who can bring the Section 330 claim. I think they're different claims. Moreover, Your Honors, I would ask you to please take a look at the legislative history associated with the statute. The trial court did not conduct an analysis of that legislative history, but the court in Richmond did. Well, the trial court said that the legislative history predated that additional language about property damage or personal injury, so it basically said it was all irrelevant, right? Yes, indeed. Not that they didn't look at it. I don't think there's an analysis in the court's opinion. I do agree with Your Honor that that is the view that they took, that it was irrelevant because a subsequent amendment was made to the legislation. And I would just ask and add that I'm not aware of any authority which would indicate that if there's an amendment to legislation, you need to disregard any legislative expressions or legislative intent that predated that. There's nothing in the legislative history that explains that amendment, is there? There is not, Your Honor. There's nothing that directly addresses that amendment. And when the government doesn't cite it, I couldn't find it. As far as I'm aware, Your Honor, there are no statements which specifically address that amendment. I would just add that the pieces of legislative history that we do have and the intent expressed therein is quite clear that it would cover the circumstances here. Senator McCain, who introduced the legislation, talked specifically about environmental cleanup orders and civil damages claims, which are exactly the types of actions that would follow the Water Board's letter here, and he indicated that he thought that was unjust. We cite to those sections in our brief, and I would reserve the remainder of my time for rebuttal. Thank you. Okay. Thank you, Mr. Chisholm. Thank you, Your Honors. May it please the Court. The Court of Federal Claims properly held that Section 330 requires a third-party claim alleging personal injury or property damage to that third person or that third person's property and should be affirmed. Can I clarify something, though? You don't argue anywhere that there's some issue here with respect to Indian Heart Association to stand in the shoes of TLCP, do you? We do not. Okay. In interpreting the statute in Section 330, first look to the statutory language. The statutory language requires the Department of Defense to indemnify the landowner from and against some action, and the language of the statute implies an adversarial action, uses terms and concepts directed by one party against another, and the action that's defended against is a claim arising out of a claim for personal injury or property damage. So a claim arising from a claim implies that there's a third party involved. If that language didn't have an impact, the statute could have just as easily said any claim for personal injury or property damage. So it's obvious from the language that there's a requirement for a third party there. Indian Harbor doesn't propose any interpretation of the statute that provides a meaning to this limiting language of arising out of a claim for personal injury or property damage. Well, who's the third party? A third party in the statute would be, as in the examples cited by the court,  and alleged that there was an injury to themselves or their children. In other words, aren't those persons defined in paragraph 2? Yes, Your Honor. And you're saying the insurance company doesn't speak that language? We're saying that the insurance company in this case... ...was not recited in the statute. The decision below, the opinion below, recited to you as a third party. Yes, Your Honor. And so who is the third party that the claims court is inserting into the statute other than those persons described in paragraph 2? Again, Your Honor, I believe I have to agree with Mr. Shipma that 2 is defining the persons entitled to indemnification, not the claim arising from a claim. Then who's the third party? The third party would be anyone asserting a claim against the individuals defined in paragraph 2. You're saying it's not the developer, but someone with a claim against the developer? Yes, Your Honor. That's a very curious line to read into the statute, isn't it? Looking at what seems to have been the overall purpose of moving this property into development. Well, Your Honor, there are a variety of environmental statutes involved with the base closure procedures. In fact, the statute in section E references CERCLA and states that this doesn't expand or change the requirements of CERCLA 120H, and that's the provision that requires the government to come back on the base and provide cleanup of environmental contamination. So section 330 has a different purpose. Even if we accept the proposition that there has to be a third party claimant, which I think even the Richmond court seems to accept that proposition. So assuming there's a third party claimant, is it your position that a governmental entity could never fill that role? I mean, CERCLA is talking about the federal government's cleanup. It doesn't say anything about the state's authority. I wouldn't say never, Your Honor. However, as the trial court mentioned, in this instance, the state was not alleging damage to the state's property. If it was something where, I don't know, the military base backed up against a state park or something, and the state was alleging personal injury or property damage to an actual state park, in that instance it could be, but here it's a police power action. Now that presupposes that we accept the proposition that the statute reads in that provision that the property damage claim has to relate to the third party's property. Yes, Your Honor. All right. So what if we had a situation, for instance, where the water board had come in and said you didn't clean up, so we're imposing a fee, a sanction on you for your failure to remediate? Now there is language that talks about any cost, any fee. You're saying that those still would not qualify as a third party claim? No, Your Honor. That would not be a third party claim for personal injury or property damage. It wouldn't be involving damage to the property of the state or personal injury to the state. The state would be acting in its regulatory authority, not in its, as the trial court noted, they wouldn't be subrogated to stand in the shoes of the property owner in that instance. So what's the function of the threatened release language in the statute? If there could be a fee or a cost related to someone saying there's a threatened release of hazardous waste, how does that come about? And how is there any cost relating to that? Well, because the definition of damage includes economic loss. And so in an instance where there was environmental contamination abutting some private property and the property owner were able to show that there was a diminution in the value of their property due to the imminent threat of contamination, that would fall within the scope of the language. It's a good thing drafters of statutes don't sign their names to them. I would not be proud of having drafted a statute. I would have to agree with Your Honor. But as noted... Is that, let me go back to this piece though, is that last prong of the trial court setting out of what the statute requires, that last prong that says it must be damaged to the third person's property, is that prong critical to your ability to prevail on this? It would certainly be important. I'm trying to think there may be an... It would depend on how the court interpreted property damage, I guess. We could prevail in either way, I would assume. Okay, so assuming that it is, then you move forward to their alternative argument, which is that the state stands in the shoes of all of its citizens with respect to protecting against personal injury or property damage, and there is this issue of threatened downstream harm. Yes, Your Honor, and we disagree with their interpretation of California water law. And as cited in our brief, the California Supreme Court in the Barstow v. Mojave Water Agency indicated that the state does not have a private property interest in the groundwater, that it has a regulatory interest. And while Indian Harbor has attempted to distinguish Barstow, they didn't discuss the Slater, the learned treatise that we cited in our brief, where Slater states that the California Supreme Court has rejected as unconstitutional any interpretation of Water Code Section 102 that accords ownership of water rights to the state. The state clearly has a regulatory interest in the groundwater in California, but the state does not have an ownership interest in the groundwater. Are you saying that the developer could have required the federal government to do the cleanup after required to do so by the state? No, Your Honor. The mistake was to have done it itself at its cost and called upon its insurer? No, Your Honor. We would still say that the state was acting through its police powers, not in alleging damage to the state's own property. And I don't believe the water law issue is necessarily relevant even to this because Indian Harbor, in their complaint, alleged that they incurred costs cleaning up their own property. Their complaint doesn't allege that they incurred costs cleaning up the property of the state of California. Additionally, Your Honor, Indian Harbor cited the legislative history, and as the court noted, there's really nothing in the legislative history explaining the significance of the limiting language. However, it's important to note that the limiting language was inserted after Senator McCain's floor statement, and to the extent this was inserted to limit the prior text, as it stood when Senator McCain made his statements, it was providing indemnification for damages related to personal injury or property damage. Well, we can't guess what it was for. It could have been just to avoid any claims for psychic injuries arising from pollution or something. We can't guess as to the specific meaning, but Your Honor, the court can interpret that by adding this limiting language, the Congress intended to rein in the language. In other words, in principle of construction, that by adding limiting language, the Congress must have been intending to narrow the scope from what Senator McCain was discussing. You must give effect to the limiting language. If it wasn't intended to limit the provisions, the statute would have just said any claim for personal injury or property damage. I don't disagree that if there's a limiting addition, that it was intended to limit something, but to necessarily say that it's limiting what Senator McCain was endorsing, I don't follow that. I wouldn't. That wasn't what I meant. I meant, Your Honor, simply that it was meant to be limiting compared to the version as it stood when Senator McCain made his statements. I don't know. It would be a stretch to argue that it was specifically in response to Senator McCain's statements. And again, Your Honor, I would say that the interpretation proposed by Indian Harbor doesn't give any effect to the limiting language. Their interpretation is essentially reading it out and making it any claim for personal injury or property damage. And so we believe that the interpretation of the Court of Federal Claims is reasonable and should be affirmed. Any more questions? Thank you, Mr. Jones. Thank you, Your Honor. Just a few points, Your Honor, in rebuttal. First, the idea that an adversarial action is required by the language of Section A-1. It's clearly not the case if you look at the language. The language requires that there be any claim for personal injury or property damage. Once you've established that, if you can establish a cost that results from that, you've satisfied the requirements of the statute. If you can establish a fee that resulted from that, you've satisfied the requirements of the statute. There's no need to establish the existence of a suit or an action, a liability, or a judgment during the event. How do you respond to the argument that California, that the Water Board was really acting pursuant to the state's police powers and that it wasn't really making a claim for property damage or personal injury, it was enforcing regulations? Indeed, I do believe they were acting pursuant to their police powers. However, I don't believe there's anything in Section 330, the plain meaning of that language, or the legislative history which would indicate that those types of claims are inappropriate and don't qualify as a third-party claim. In fact, to the contrary, the statements by Senator McCain that are on the record indicate that he was clearly contemplating these types of actions, these types of regulatory actions, enforcement actions via police power, and the impact that that has on transferees of this contaminated property. Could TLCPs simply have made a demand on the federal government under Subsection E of the statute to come in and clean up? Under Subsection E, under the deed covenants, Your Honor. The CERCLA portion? Yes, CERCLA Section 120H requires that the federal government include deeds, covenants in the deeds transferring the property, and those covenants require that they come back and clean up. The problem, Your Honor, is that 120H, like most of CERCLA, is limited to hazardous substances. Petroleum is specifically excluded from coverage under CERCLA. So in this particular case, there was no option for them to go back and seek remediation via 120H. Also, with respect to the status of the law in California regarding ownership of groundwater, I think Indian Harbor's reply brief addresses this. It addresses the Barristow opinion, which relies on the state versus superior court decision, wherein, again, the appellate court there recognizes that indeed the state has an ownership interest. Although it is a regulatory interest, it is a police power type interest, but nonetheless it does have an ownership interest. And again... What about the fact that you pled in your complaint that the property that was remediated was your own? Well, I think we addressed that as well in our briefs. Of course, at the time of filing the complaint, no one was aware that the ownership of the property in question would be an issue. The complaint attaches the letter from the Water Board, which specifically alleges damage to the groundwater, as well as soil contamination. TLCP was required to clean up the soil because it was the source of the contamination that was entering the groundwater, and they're now in the process of cleaning up the groundwater itself.  there was an assertion in the complaint alleging that somehow the groundwater was owned by the state. I would just add one other thing, and I think, Judge O'Malley, you made some reference to this. The interpretation provided by the trial court leads to a rather odd conclusion and result, if you would. Under the trial court's interpretation, Section 330 would not cover claims by a state environmental agency requiring a transferee to remediate and mitigate DOD contamination before it spreads and damages human health or the environment. But it would provide indemnification if the transferee allows that contamination to spread so that it would further damage another property or personal injury to another third party. This is clearly not the intent of this legislation, and for the reasons stated in our brief and those provided here, I ask your honors to reverse the decision of the trial court. Any more questions? Thank you, Mr. Shipman.